# In the United States Court of Federal Claims

No. 15-1505C
(Filed: April 1, 2016)*
**\*OPINION ORIGNALLY FILED UNDER SEAL ON MARCH 16, 2016**

| | |
|---|---|
| ORION CONSTRUCTION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

Pre-Award Bid Protest; Small Business Size Determination; Motion for Judgment on the Administrative Record; Review of SBA Decision

*Reginald M. Jones*, Washington, DC, with whom was *Nicholas T. Solosky*, for plaintiff.

*Igor Helman*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Douglas K. Mickle*, Assistant Director, for defendant. *V. Paul Clay*, Office of Counsel, United States Naval Facilities Engineering Command Southwest, San Diego, CA, and *Christopher J. McClintock*, Office of Litigation, United States Small Business Administration, Washington, DC, of counsel.

## O P I N I O N

**FIRESTONE**, *Senior Judge.*

Pending before the court are cross-motions for judgment on the administrative record filed by plaintiff Orion Construction Corporation ("Orion") and defendant United States ("the government") in this pre-award bid protest. At issue is Orion's disqualification from award of a contract for design and construction of various facilities

at Marine Corps Base Camp Pendleton in Oceanside, California.  Solicitation No. N62473-12-R-5015 ("the solicitation") was issued by the United States Naval Facilities Engineering Command Southwest ("NAVFAC" or "the agency") as a total small-business set-aside procurement for "commercial and institutional building construction" companies under North American Industry Classification System ("NAICS") code 236220.  The agency identified Orion as the apparent successful offeror.  However, in the course of a protest by a disappointed offeror, the Small Business Administration ("SBA") determined that Orion exceeded the small business size standard specified in the solicitation.  Thereafter, the agency determined that Orion was no longer eligible for award.

Orion disputes that it exceeded the size standard that governs the award.  Orion argues that NAVFAC amended—or, in the alternative, should have amended—the solicitation to incorporate a higher size standard for NAICS code 236220 that became effective before offers were due.  Orion contends that it met the higher size standard.  Orion also argues that the SBA erred in concluding that Orion did not meet the old size standard for NAICS code 236220.  Finally, Orion argues that communications between the SBA and the agency during the size protest process before the SBA, with regard to whether the agency amended the solicitation to incorporate the new size standard, violated Orion's Fifth Amendment right to due process.

For the reasons below, the court finds that both the agency's and the SBA's conclusion that the solicitation was not amended to incorporate the change in the size standard is supported.  In addition, the court finds that the agency's failure to amend the

solicitation to use the new size standard was not arbitrary, capricious, or not in accordance with law.  The court also finds that the SBA's conclusion that Orion exceeded the smaller size standard governing the solicitation is supported.  Finally, the court finds that the SBA did not violate Orion's Fifth Amendment Due Process rights.  Accordingly, Orion's motion for judgment on the administrative record is **DENIED** and the government's motion for judgment on the administrative record is **GRANTED**.

## I.      BACKGROUND

### A.      The Solicitation, Offers, and Evaluation

The solicitation, issued on February 21, 2013, is for a $50 million to $70 million firm-fixed price contract for the design and construction of multiple facilities—including a headquarters building, maintenance and supply building, multi-purpose training and coordination facility, warehouse, host switch and data server facility, remote switch building, and other ancillary structures—and the installation of telecommunications cable at the Communication Information Systems Operations Complex at Marine Corps Base Camp Pendleton in Oceanside, California.  Admin. R. ("AR") 122, 126, 128, 132.  As noted, the agency set aside the solicitation for small businesses that were designated "commercial and institutional building construction" companies under North American Industry Classification System ("NAICS") code 236220.  AR 122, 126, 131, 147, 156.  Pursuant to Federal Acquisition Regulation ("FAR") § 19.102(b)(3), the solicitation specified that the annual size standard was $33.5 million.  AR 122, 126, 147.[1]

---

[1] Under FAR § 19.102(b), agencies apply small business size standards by "(1) [c]lassifying the product or service being acquired in the industry whose [NAICS code] best describes the

Under the terms of the solicitation, the agency planned to evaluate offers in two phases as provided for in FAR Subpart 36.300 to 36.303-2.  AR 132.  In phase one, offerors were to submit narrative descriptions of their technical approach, experience, past performance, and safety approach and records.  AR 129.  The solicitation explained that, after reviewing those offers, the agency would select up to five of the most qualified offerors to participate in phase two.  AR 132.  In phase two, offerors would be required to submit narrative descriptions of their technical solution, energy and sustainable design, and price.  AR 130.  The solicitation provided that the agency would make an award based on best value to the government taking into consideration all of the factors from phase one and phase two.  AR 132, 134, 140.[2]

After phase one of the procurement was completed but before phase two of the procurement started, the SBA increased the size standard for NAICS code 236220 from $33.5 million to $36.5 million.  See Small Business Size Standards: Inflation Adjustment to Monetary Based Size Standards, 79 Fed. Reg. 33,647, 33,657 (June 12, 2014) (taking effect July 14, 2014).

---

principal nature of the product or service being acquired; (2) [i]dentifying the size standard SBA established for that industry; and (3) [s]pecifying the size standard in the solicitation, so that offerors can appropriately represent themselves as small or large."  The size standard the SBA has identified for each industry, by NAICS code, are listed in 13 C.F.R. § 121.201.

[2] Amendment 1 to the solicitation, effective February 28, 2013, incorporated FAR 52.204-8 as of December 2012, adding a provision for annual representations and certifications and repeating that the NAICS code for the solicitation was 236220 and the size standard was $33.5 million. AR 179.

Phase two of the procurement began on November 19, 2014 when NAVFAC issued Amendment 6 to the solicitation.  AR 200.  In Amendment 6, the agency expressly identified updates to several parts of the solicitation, including updates to the time offerors needed to provide for agency acceptance and provisions on liquidated damages and the Buy American Act.  AR 201, 207.  Amendment 6 did not mention the SBA size standard increase for NAICS code 236220.  The agency, however, asked each offeror to provide, as part of a cover letter accompanying the proposal, "[a] size status certification that is signed and dated by an authorized representative from your company and that indicates your firm is a small business at time of Phase Two proposal submittal." AR 202.

Several additional amendments were made to the solicitation.  Most were issued in response to questions offerors were allowed to ask under the terms of the solicitation. AR 126, 129, 202.  Although the agency received hundreds of requests for information or clarifications, the agency did not receive any questions about the SBA's 2014 change in size standard for NAICS code 236220.[3]

Orion, one of the phase one selectees, submitted a phase two proposal on January 27, 2015.  AR 687.  In its phase two proposal, Orion included, as requested, a size status certification "that at the time of the Phase Two Proposal Submittal on

---

[3] None of the other amendments to the solicitation effective after July 14, 2014 mentions the change to the NAICS size standard.  See AR 246-48 (Amendment 7), 249-67 (Amendment 8), 268-92 (Amendment 9), 293-317 (Amendment 10), 318-42 (Amendment 11), 343-82 (Amendment 12), 383-412 (Amendment 13), 413-42 (Amendment 14), 443-72 (Amendment 15), 473-502 (Amendment 16), 503-31 (Amendment 17), 532-33 (Amendment 18), 534-63 (Amendment 19).

January 27, 2015, Orion Construction Corporation is a Small Business under the annual size standard for NAICS Code 236220, Commercial and Institutional Building Construction." AR 693.  In its January 27, 2015 submission, Orion included a copy of the first page of the solicitation, as originally issued, which noted that the size standard was $33.5 million.  AR 711.[4]  Thereafter, Orion submitted additional responses to the agency in which it again included a copy of the first page of the solicitation, which stated that the size standard was $33.5 million.  AR 757.[5]

On September 15, 2015, the agency designated Orion as the apparent successful offeror.  AR 759-62.

### B.    Agency Protest and SBA Size Determination

On September 21, 2015, a disappointed offeror protested Orion's selection to the contracting officer, arguing that Orion was not eligible for the award because it exceeded the size limitation for NAICS code 236220.  AR 764-66.  Under SBA regulations, a business's size is calculated based on its average annual receipts as reported on federal tax returns.  13 C.F.R. § 121.104.  The size of a business with affiliates is calculated by adding the average annual receipts of the business itself with the average annual receipts of each affiliate.  Id. § 121.104(d).  The protestor argued that Orion was affiliated with

---

[4] Orion also included a copy of its size status certification in a May 18, 2015 submission. AR 737.

[5] This appears to be the solicitation as amended at least through Amendment 16 or Amendment 17 because the number of pages changed from 55 to 375 and the due date for submissions changed from March 25, 2013 to September 8, 2015.  See AR 474 (requiring offerors to submit technical or price revisions by September 8, 2015), 504 (same).

other entities that needed to be considered in determining Orion's status as a small

business.  AR 765-66.  Those entities were [xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx].  AR 765-66.  The protestor requested

that the agency stay award of the contract until the SBA, consistent with applicable

regulations, reviewed the matter and issued a size determination.  AR 768.[6]  The agency

granted the stay request and, on September 23, 2015, referred the matter to the SBA.  AR

995-97; see also 13 C.F.R. §§ 121.1006 (requiring a contracting officer who receives a

size protest to forward the protest and other information to the SBA government

contracting area office serving the area in which the headquarters of the offeror is

located), 121.1009 (describing the SBA's procedures for making a size determination).

On September 29, 2015, Orion responded to the SBA's request for information

regarding the size protest.  AR 1764-2279.  Orion explained that it has a single

shareholder, director, and officer:  Richard Dowsing.  AR 1765.  Fia Dowsing, Richard

Dowsing's wife, is [xxxxx] single shareholder, director, and officer.  Id.  They previously

created a third entity, the [xxxxxxxxxx], which sought prequalification to bid on projects

with the city of San Diego.  AR 1766.  Orion argued that Orion, [xxxxxxxxx] were not

affiliates and that even if they were considered affiliates, the combined three-year

average revenue was below the new $36.5 million size standard for NAICS code 236220.

AR 1764-65.  Specifically, Orion stated that "the average combined revenue was [xxxxx]

---

[6] The protestor also argued that Orion's proposal was likely to impermissibly rely on the
experience of other large enterprises.  AR 765.

for Phase 1 in 2013 (compared to the $33,500,000 size standard) and [xxxxx] for Phase 2 in 2015 (compared to the $36,500,000 size standard)."  AR 1765.  Orion calculated these amounts based on average annual receipts for Orion, [xxxxxxxxx] entities.  AR 1780 (worksheet for the calculations).

On September 30, 2015, a procurement center representative at the SBA area office e-mailed the agency's contracting manager asking whether the agency had amended the solicitation to incorporate the new 2014 size standard for NAICS code 236220.  AR 998.  The contracting manager replied the same day stating that the agency had not amended the solicitation to reflect the new NAICS size standard.  Id.  On October 7, 2015, the same procurement center representative e-mailed several questions to Orion.  AR 1761; see also AR 2187-88 (Orion's response).  The representative did not, however, ask why Orion believed the new, $36.5 million size standard was applicable to the solicitation.

On October 14, 2015, the SBA area office made a formal size determination that Orion was "other than small solely on the basis of its affiliation" with [xxxxxxxxxxxxxxxxxxxxxxxxxxxx].  AR 1008.[7]  The SBA area office determined that the applicable size standard for the solicitation was still $33.5 million "because the solicitation was not amended to add the new size standard."  Id.  In its decision and in a letter accompanying the size determination, the SBA area office stated that:

---

[7] The SBA area office found that the Dowsings together control [xxxxxxxxxxxxxxxx].
AR 1006.

> Effective July 14, 2014, SBA increased the size standard to $36.5 million; however, the contracting officer did not amend the solicitation effective before the date initial offers (including price) were due to use the new size standard. Therefore, the $33.5 million size standard applies to this solicitation. 13 CFR 121.402(a).

AR 1002 n.1, 1005 n.1. The regulation cited by the SBA area office, 13 C.F.R.

§ 121.402(a), provides that:

> A concern must not exceed the size standard for the NAICS code specified in the solicitation. The contracting officer must specify the size standard in effect on the date the solicitation is issued. If SBA amends the size standard and it becomes effective before the date initial offers (including price) are due, the contracting officer may amend the solicitation and use the new size standard.

13 C.F.R. § 121.402(a).[8]

On October 20, 2015, Orion appealed the SBA area office's decision to the SBA's

Office of Hearing and Appeals ("OHA"). AR 2280-2316. In its appeal to the OHA,

---

[8] The relevant language was added by Small Business Size Regulations; Rules of Procedure Governing Cases Before the Office of Hearings and Appeals, 69 Fed. Reg. 29,192, 29,205 (May 21, 2004). In the notice of proposed rulemaking, the SBA gave the following rationale for this change:

> The proposed rule would amend the section heading for § 121.402 to read 'What size standards are applicable to Federal Government Contracting programs?' In addition, SBA proposes to amend § 121.402(a) to state that a contracting officer (CO) must use the size standard in effect at the time the solicitation is issued. If SBA amends a size standard and it becomes effective after the solicitation is issued, then the CO would not be required to amend the solicitation and use the new size standard. However, the proposed regulation does note that if the size standard is amended and becomes effective before the date initial offers are due, the CO may modify the solicitation and use the new size standard. This has been a long-standing policy of SBA's, and SBA believes it should be specifically set forth in the regulations for clarity purposes.

Small Business Size Regulations; Rules of Procedure Governing Cases Before the Office of Hearings and Appeals, 67 Fed. Reg. 70,339, 70,343 (November 22, 2002).

Orion argued that the area office applied the incorrect size standard.  AR 2295, 2299-2304.  Specifically, Orion argued that because NAVFAC required each offeror in phase two to certify that the offeror was a small business "at the time of Phase Two proposal submittal," NAVFAC had in effect incorporated the new size standard for NAICS code 236220 into the solicitation.  AR 2300.  Orion also argued that the area office had improperly included in its calculation interaffiliate transactions among Orion, [xxxxxx xxxxxxx] or separately counted joint venture receipts.  AR 2295-96, 2304-08 (citing 13 C.F.R. § 121.103(h)).  In particular, Orion argued that [xxxxx] only business was the ownership and management of an office and warehouse space rented by Orion and [xxxxx].  AR 2306-07.  Orion claimed, without providing any specific financial data, that if the SBA area office had not included interaffiliate transactions, the average annual receipts for Orion and its alleged affiliates would have been below $33.5 million.  AR 2296, 2305.  The SBA and the protestor responded to Orion's appeal.  AR 2325-29, 2331-35.[9]  The agency also submitted a "fax-back memo" stating that the size standard for the solicitation was $33.5 million.  AR 2322.

On November 24, 2015, the OHA affirmed the area office's size determination.  AR 2350-59.  The OHA stated that Orion's argument regarding application of the $36.5 million size standard was "meritless."  AR 2356-57.  The OHA explained that

---

[9] On November 10, 2015, Orion requested leave to file a reply.  AR 2336-49.  The OHA denied the request in its decision on the merits on the grounds that the OHA did not direct Orion to file a reply, the factual errors Orion alleged were insignificant, and the reply was filed after the close of the record.  AR 2355-56.

13 C.F.R. § 121.402(a) permits, but does not require, a contracting officer to incorporate a change to a size standard between the time a solicitation is issued and the time offers are due and thus a change is not automatic.  AR 2356-57.  Consistent with long-standing SBA policy and a line of SBA decisions, the OHA found that because the record "contain[ed] no specific amendment" to use the new, $36.5 million size standard, the $33.5 million size standard in the solicitation applied and was controlling.  AR 2357 (citing Pac. Power, LLC, SBA No. SIZ-5572, at 5 (June 24, 2014); Dawson Tech., LLC, SBA No. SIZ-5476 (June 12, 2013); OBXtek, Inc., SBA No. SIZ-5451, at 1 n.3 (Mar. 1, 2013)).  The OHA noted that its size determination was "confirmed" by the agency's representations to the SBA.  Id.  The OHA pointed to the fact that the agency had "unambiguously represented to the Area Office that it did not amend the solicitation" to use the new size standard and had submitted a "fax-back memo" as part of the SBA's appeal process that identified $33.5 million as the applicable size standard for the solicitation.  Id.  The OHA also rejected Orion's argument that Amendment 6 to the solicitation incorporated the increased size standard by requiring a "size certification at the time of Phase Two submittal."  Id.  The OHA stated that the certification was to confirm the offeror's size status "under the RFP."  Id.

The OHA also found Orion's argument regarding interaffiliate transactions "wholly unpersuasive."  Id.  The OHA explained that Orion had failed to explicitly identify which receipts contain interaffiliate transactions, the specific amounts at issue, or the amounts to be excluded.  AR 2357-58.  In this connection, the OHA stated that the interaffiliate transaction exclusion applies only to transactions between a parent company

and its subsidiary.  Id. (citing G&C Fab-Con, LLC, SBA No. SIZ-5649, 2015 (March 23,

2015)).  The OHA explained, with regard to Orion's "speculat[ion]" that the area office

had impermissibly double-counted joint venture receipts, that Orion did not identify any

specific errors in the area office's calculations, even though all of the calculations were in

the appeal file.  AR 2358.  In conclusion, the OHA stated that its determination was the

final decision of the SBA pursuant to 13 C.F.R. § 134.316(d).  AR 2358.

After receiving the OHA decision, Orion asked the agency to disregard it on the

ground that "FAR 19.302 provides agencies the discretion to disregard OHA decisions

where it is in the best interest of the government to do so."  AR 1032-33.  The contracting

officer responded that the SBA's determination is binding on the agency under

FAR 19.301-1(c).  AR 1035.  The agency also rejected Orion's suggestion that the

agency cancel the solicitation and resolicit the requirement.  Id.

Orion filed its complaint in this court on December 11, 2015 and filed its motion

for judgment on the administrative record ("MJAR") (ECF No. 26) on February 5, 2016.

The government filed its cross-motion for judgment on the administrative record and

response to Orion's motion (ECF No. 27) on February 17, 2016.  Orion filed its response

and reply on February 22, 2016, and the government filed its reply on February 26, 2016.

Oral argument was heard on March 8, 2016.

## II.     JURISDICTION AND STANDING

There is no dispute that this court has jurisdiction to hear Orion's complaint and

that Orion has standing to pursue this pre-award protest.  Under the Tucker Act,

28 U.S.C. § 1491(b)(1), this court has "jurisdiction to render judgment on an action by an

interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  The Tucker Act provides that this court "shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded."  Id.  In addition, Orion is challenging a size determination and it is undisputed that it has exhausted its administrative remedies and is properly before the court.  See LB & B Assocs. Inc. v. United States, 68 Fed. Cl. 765, 769-70 (2005) (citing Chapman Law Firm v. United States, 63 Fed. Cl. 25, 32-33 (2004); 13 C.F.R. § 121.1101(a)).  Finally, it is not disputed that Orion has standing to pursue this case as an "interested party" under the Tucker Act.  Orion was an actual offeror and, as the apparent successful offeror, possesses the requisite direct economic interest.  See Tinton Falls Lodging Realty, LLC v. United States, 800 F.3d 1353, 1358 (Fed. Cir. 2015).

## III.   LEGAL STANDARDS

In a bid protest case, the court applies the standard of review under section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, and may not set aside an agency's action unless the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Palladian Partners, Inc. v. United States, 783 F.3d 1243, 1252 (Fed. Cir. 2015) (quoting Savantage Fin. Servs. v. United States, 595 F.3d 1282, 1285 (Fed. Cir. 2010)).  In this connection, "[t]he court's task is to determine whether '(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure.'"  Id. (quoting Savantage, 595

13

F.3d at 1285-86).  This court applies the same standard to decisions by the SBA's OHA.

See Precise Sys., Inc. v. United States, 122 Fed. Cl. 263, 269 (2015).

## IV.    DISCUSSION

### A.    NAVFAC did not Update the Size Standard in the Solicitation for Phase Two of the Procurement.

The parties agree that the primary issue in this case is whether the agency revised the solicitation to use the new, $36.5 million size standard for phase two of the procurement.  Orion claims that the agency's and the SBA's decisions were arbitrary, capricious, or not in accordance with law because those decisions were based on the application of the "outdated" $33.5 million size standard.  Pl.'s MJAR 26; Pl.'s Reply 10.

The operative regulation cited by both parties, 13 C.F.R. § 121.402(a), provides in relevant part that "[i]f SBA amends the size standard and it becomes effective before the date initial offers (including price) are due, the contracting officer may amend the solicitation and use the new size standard."  Orion recognizes that if the agency did not incorporate the updated size standard into the solicitation, then the original, $33.5 million size standard remained applicable.  Pl.'s MJAR 19.  Orion argues that by requiring offerors to certify their size status "at time of Phase Two proposal submittal," the agency expressly or implicitly incorporated the revised, $36.5 million size standard for NAICS code 236220.  Pl.'s MJAR 20; Pl.'s Reply 4.

The court agrees with the government that the agency did not expressly amend the solicitation to use the new size standard by beginning phase two of the procurement after the new size standard became effective.  Amendment 6 required each offeror to certify

that it was "a small business at time of Phase Two proposal submittal."  AR 202.

However, Amendment 6 does not mention any change to the size standard in its purpose

statement, AR 200, the description of changes being made to the solicitation, AR 201-02,

or anywhere else in the amendment.  In contrast, the agency expressly identified updates

to other parts of the solicitation.  See, e.g., AR 201 (extending the time offerors needed to

provide for agency acceptance), 207 (updating liquidated damages and Buy American

Act provisions).  The statement in Amendment 6 to provide a size status certification was

one element of a cover letter that the agency directed offerors to submit along with their

phase two proposal.  AR 202.[10]  The plain language indicates that the certification was

required to ensure that the offerors who were selected for phase two in fact met the size

standard identified in the RFP.  The court finds no evidence in the record that the

government expressly revised the size standard.

The court also agrees with the government that there is no basis for finding that

the size standard was implicitly revised in Amendment 6.  First, as the SBA's OHA

noted, the size standard in a solicitation cannot be changed without an express

amendment to that effect.  AR 2357.  For example, the SBA has rejected claims that a

procuring agency implicitly amended a solicitation to use a new size standard where the

agency included the new size standard in instructions and questions and answers but did

not formally amend the solicitation.  See Dawson Tech., LLC, SBA No. SIZ-5476, at 5

---

[10] The next requirement in the instructions directed joint venture offerors to provide, as part of
the cover letter, a letter from the SBA stating that the offeror's mentor-protégé agreement was
"still valid at time of Phase Two proposal submittal."  AR 202.

(June 12, 2013) (citing Civitas Group, LLC, SBA No. SIZ-5424, at 2 n.1 (2012).  The

SBA's interpretation of 13 C.F.R. § 121.402(a) is controlling on this court; Orion does

not argue it is plainly erroneous or inconsistent with the regulation.  See IEI-Cityside JV

v. United States, 122 Fed. Cl. 750, 758 (2015) (quoting Auer v. Robbins, 519 U.S. 452,

461 (1997)).  Moreover, in this case, as the OHA also noted, the agency in its e-mail to

the SBA area office and in its "fax-back memo" to the SBA's OHA stated that the agency

did not intend to incorporate the new size standard into the solicitation.  AR 998, 2322.

In this context, the court cannot read the claimed revision into the solicitation.

Cf. Alabama Aircraft Indus., Inc.-Birmingham v. United States, 586 F.3d 1372, 1376

(Fed. Cir. 2009) (finding that this court cannot "introduce new requirements outside the

scope of the [solicitation]").

For all of these reasons, the court rejects Orion's contention that the government

expressly or implicitly amended the NAICS code size standard.

**B.      The Agency's Failure to Amend the Solicitation to Use the New Size
Standard was not Arbitrary, Capricious, or Not in Accordance with
Law.**

In the alternative, Orion argues that the agency's failure to amend the solicitation

to update the size standard was arbitrary, capricious, or not in accordance with law.

Pl.'s MJAR 20; Pl.'s Reply 7, 9.  Orion acknowledges that 13 C.F.R. § 121.402(a) grants

discretion to the agency in deciding whether to amend a solicitation to incorporate an

updated size standard.  Pl.'s MJAR 19.  However, Orion argues that NAVFAC's

"purported decision to enforce the obsolete size standard still must be set aside" on the

grounds that the agency lacked a rational basis for not incorporating the new size

standard.  Pl.'s MJAR 14-15; Pl.'s Reply 2-3, 7-10.  Orion describes the "common sense practicality" of using current size standards and analogizes to the required use of prevailing wages under the Davis-Bacon Act, 40 U.S.C. § 3141.  Pl.'s MJAR 16 (citing 29 C.F.R. 4.5(c), 4.101(b); FAR 22.1015).  Orion also cites public policy considerations, such as the importance of maximizing small business participation in federal contracting. Pl.'s MJAR 17; Pl.'s Reply 7-10.

However, the court finds that because the agency had no legal obligation to amend the solicitation to update the size standard, the agency did not need to document a rationale for not amending the solicitation.  Orion's policy arguments do not explain how the agency abused its discretion by limiting the competition to entities that met the original solicitation's small business size standard.  Orion's citations to regulations implementing the Davis-Bacon Act only reinforce the agency's discretion in this matter.[11]

Moreover, the record shows that Orion could have raised this issue during the solicitation process and required the agency to make a formal decision.  The solicitation provided contact information for requests for information, AR 126, 129, 202, and the agency responded to hundreds of requests for information and clarified provisions in the solicitation.  See, e.g., AR 247-48 (responding to question and clarifying a solicitation provision about a site visit).  Yet, Orion never asked whether the size standard had been

---

[11] Generally, under 29 C.F.R. § 4.5(a)(2), a contract in excess of $2,500 must describe "the applicable, currently effective wage determination specifying the minimum wages and fringe benefits for service employees to be employed" under the contract and incorporate "[a]ny revision of a wage determination issued prior to the award of the contract or contracts . . . which changes previously determined minimum wage rates and fringe benefits for service employees employed on covered contracts in the locality."

changed.  To the contrary, Orion's submissions to the agency state that the size standard

was $33.5 million.  AR 711, 757.  Nonetheless, to the extent Orion believed that

Amendment 6 created ambiguity regarding the size standard, because the standard had

changed, Orion needed to ask the agency for clarification or request an amendment to the

solicitation prior to the close of the bidding process.  See Blue & Gold Fleet, L.P. v.

United States, 492 F.3d 1308, 1313 (Fed. Cir. 2007).  Having failed to do so, Orion

cannot now complain that it was uncertain as to the size standard applicable to the

solicitation.  Id.

### C.    Orion has not Shown that the SBA Erred in its Size Determination.

Orion next asserts that the SBA area office, in its size calculation, improperly

included receipts that were based on interaffiliate transactions and that could have been

excluded under 13 C.F.R. § 121.104(a).  Pl.'s MJAR 21; Pl.'s Reply 10.  Under 13 C.F.R.

§ 121.104(a), "proceeds from transactions between a concern and its domestic or foreign

affiliates" are excluded in calculating a business's annual receipts.  Orion argues that it

"indicated to the SBA that 'all' [xxxxx] receipts were rents paid among purported

affiliates Orion and [xxxxx] and, therefore, constitute improperly double-counted

interaffiliate transactions."  Pl.'s MJAR 21; Pl.'s Reply 10-11.  The government argues

that Orion failed to identify, in the SBA proceedings, the interaffiliate transactions at

issue and demonstrate that the exclusion applies.  Def.'s MJAR 15.  Therefore, the

government argues, Orion "cannot do so belatedly in this court."  Def.'s Reply 7 (citing

Mittal Steel Point Lisas Ltd. v. United States, 548 F.3d 1375, 1383-84 (Fed. Cir. 2008)).

In addition, the government explains that the SBA's decision was based on SBA

precedent following Hal Hays Constr., Inc., SBA No. SIZ-5217 (Mar. 17, 2011) and Hal Hays Constr., Inc., SBA No. SIZ-5234 (May 25, 2011).  That line of cases indicates that the interaffiliate transaction exclusion might not apply to transactions between Orion and [xxxxx] because the two entities did not have a parent-subsidiary relationship and because some of [xxxxx] rental income came from [xxxxx].  Def.'s Reply 8-10 (citing Tenax Aerospace, LLC, SBA No. SIZ-5701, 2015 (Dec. 23, 2015); Crown Moving & Storage Co., SBA No. SIZ-4872 (Nov. 7, 2007); Columbus Techs. & Servs., Inc., SBA No. SIZ-4831 (Jan. 16, 2007)).

The court finds that Orion has not shown that the SBA incorrectly calculated the combined average annual receipts of Orion and its affiliates.  As the SBA's OHA stated, Orion bore the burden of identifying specific amounts it believed should have been excluded and demonstrating that the exclusion applies.  AR 2357.  Orion did not do so.  Similarly, Orion's speculation before the OHA that the SBA area office may have double-counted joint venture receipts is not sufficient to show an error in the SBA area office's size determination.  AR 2358.  To establish an error, Orion needed to point to specific evidence demonstrating how the SBA area office's determination was wrong.  Orion failed to do so.

In addition, the court agrees with the government that Orion has not demonstrated how any claimed error was prejudicial, or that an accurate calculation of the receipts would change the outcome of this case.  Orion does not identify any specific amounts that the SBA should not have included or explain why the interaffiliate transaction exclusion rule would apply.  Orion does not argue that it would have met the $33.5 million size

standard if the SBA area office had excluded interaffiliate transactions.  In its complaint, Orion states that "if receipts of the alleged affiliates were included in the calculation (including interaffiliate transfers), the average annual receipts for those three fiscal years were [xxxxx].  Compl. ¶ 18(b); Pl.'s Reply 16-17.  In its response to the SBA area office, Orion stated that "the average combined revenue [for Orion and its affiliates] was . . . [xxxxx] for Phase 2 in 2015 . . . ."  AR 1765.  Therefore, all of the numbers provided by Orion place it above the $33.5 million size limitation for the applicable NAICS code.

**D.  The SBA's Size Determination Proceedings did not Violate Orion's Due Process Rights.**

Finally, Orion argues that the SBA violated Orion's due process rights by relying on ex parte communication with the contracting manager and thereby depriving Orion of a fair hearing on the size protest.  Pl.'s MJAR 29; Pl.'s Reply 13.  Specifically, Orion asserts that the SBA's consideration of ex parte communication with the contracting manager caused Orion to be "systematically excluded from participating in a process that directly influenced the outcome of the SBA hearing" and that, if Orion had been included in the communication, Orion "could have addressed the issue and demonstrated why NAVFAC's after-the-fact characterization of the procurement should not alter the unambiguous language of Contract Amendment 6."  Pl.'s Reply 14-15; see also Pl.'s MJAR 25.  Orion cites as additional authority 13 C.F.R. § 134.220, which prohibits ex parte communications in cases before SBA's OHA.  Pl.'s MJAR 24.  The government, correctly, argues that Orion's due process rights were not violated because Orion did not have a constitutionally protected property interest in a contract not yet awarded.  Def.'s

20

MJAR 16-17; Def.'s Reply 10 (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). In addition, as the government contends, Orion had the opportunity to challenge the agency's interpretation of Amendment 6 on appeal and thus was not denied a hearing. Def.'s MJAR 18; Def.'s Reply 10.

After the SBA area office issued its decision and letter, Orion had the opportunity to appeal and to challenge the agency's contention that it had not amended the solicitation to use the revised size standard for NAICS code 236220. Orion thus had the opportunity to argue before the SBA's OHA that the size standard had changed. This is not a case where the SBA refused to consider the arguments of a party with a substantial interest in the competition. See Advanced Sys. Tech., Inc. v. United States, 69 Fed. Cl. 474, 486 (2006). Rather, the OHA expressly considered Orion's claim. Orion's due process argument is simply without merit.

V.      CONCLUSION

For the reasons above, Orion's motion for judgment on the administrative record is **DENIED**.[12]  The government's motion for judgment on the administrative record is **GRANTED**.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[12] Because Orion failed to establish success on the merits, it is not entitled to injunctive relief. See, e.g., PGBA, LLC v. United States, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004) (requiring a plaintiff to show actual success on the merits).